UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60554-CIV-UNGARO/SIMONTON

LITTLE LEAGUE BASEBALL, INC.,

      Plaintiff,

v.

JAY A. KAPLAN,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

Presently pending before the Court is Defendant's Motion to Compel Testimony (DE # 69).  This motion is fully briefed (DE ## 78, 83) and referred to the undersigned Magistrate Judge (DE # 70).  Based upon a careful review of the record and for the reasons stated herein, Defendant's motion is DENIED.

I.      BACKGROUND

Plaintiff, Little League Baseball, Inc. ("LLBI"), filed this six-count complaint alleging that Defendant, Jay A. Kaplan, established a Christian Little League without LLBI's consent or approval, in violation of LLBI's federal trademark rights under 15 U.S.C. § 1114 (Count I); that such acts constitute unfair competition under 15 U.S.C. § 1125(a) (Count II), trademark dilution under 15 U.S.C. § 1125(c) (Count III) and Fla. Stat. § 495.151 (Count IV), as well as common law trademark infringement and unfair competition (Count V); and, that they interfere with LLBI's exclusive right to its "Little League" mark under 36 U.S.C. § 130506 (Count VI).  LLBI seeks injunctive relief and damages (DE # 1).

The undersigned notes that the discovery deadline in this case expired on December 19, 2008; the case remains set for trial on the two week trial calendar

beginning on March 16, 2009; and the Pretrial Conference is set for March 6, 2009 (DE # 27).  The motion could therefore be denied as untimely.  Nevertheless, the Court will address the merits of the motion and will consider timeliness as only one aspect of the discussion concerning the propriety of permitting the requested deposition.

## II.   THE PARTIES' POSITIONS

In the instant motion, Defendant seeks to compel the Chairman of LLBI to appear for a second deposition.  The motion to compel states, in its entirety,

> I would like to request for a second time a motion to compel [pursuant to L.R. 26.1H2] to depose Mr. Dennis Lewin Chairman of LLBI. Counsel for LLBI told me Mr. Lewin spoke to Mr. Keener about this case. Mr. Patrick Wilson testified Mr. Lewin may have Knowledge of this case from discussing it with Mr. Keener. [DEF, 12/19, 11;04 TO 11:05] Mr. Keener testified he couldn't recall if he spoke to Mr. Lewin about this case [def,12/19, 2:59 to 3:03:30].  Mr Lewin is the only officer that lives in Florida, little lone close proximity of the previously existing Christian Little League.  At this time we still do not know how LLBI found my league

(DE # 69) (brackets and typographical errors in original).

LLBI responds that the Court has already decided this issue in its favor when it granted Plaintiff's motion precluding Defendant from taking the deposition of Mr. Lewin without a showing that he "has direct, unique and personal knowledge of the facts at issue" or that Defendant has unanswered questions remaining with respect to the claims and defenses in this case after completing the depositions of four of LLBI's lower-ranking employees.  (DE # 59) (citing *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979), and *Stelor Prods. v. Google, Inc.*, No. 05-80387, 2008 WL 4218107 (S.D. Fla. Sept. 15, 2008)).  According to LLBI, its supplemental interrogatory response details the manner in which LLBI came to discover Defendant's Christian Little League; and, that Mr. Lewin was not involved in that process.  Thus, LLBI asserts, Mr. Lewin does not have any direct, unique or personal knowledge of the issues in this case and Defendant did not

2

identify any questions that remain to be answered by Mr. Lewin following the depositions of the lower-ranking employees of LLBI.

In his reply, Defendant points out that LLBI initially objected to his request to produce LLBI's annual reports and did not produce them until February 5, 2009, after the depositions of LLBI's employees had already taken place.  Thus, Defendant's first argument is that he should be permitted to depose Mr. Lewin, who has served on LLBI's board for 11 years, in order to question him about the annual reports, which go back 10 years.  Although lower ranking employees might be able to address these matters, Defendant contends that Mr. Lewin is the only local witness and that it would be too expensive and impractical to depose a different LLBI employee in Williamsport, Pennsylvania regarding the annual reports.

Defendant's second argument is that Mr. Lewin's deposition is relevant for impeachment purposes.  Defendant is unsatisfied with LLBI's explanation of how it discovered his Christian Little League based on the alleged inconsistency between the deposition testimony of LLBI's President and CEO, Stephen Keener, in which he recalled hearing about the Christian Little League in January or February 2008[1] and LLBI's supplementary interrogatory response, in which it states that LLBI first became aware of Defendant's Christian Little League via a phone call from an unidentified league volunteer on February 21, 2008.  Since Mr. Keener discussed this case with Mr. Lewin, Defendant argues that the details surrounding LLBI's discovery of his Christian Little

---

[1]  Defendant provided a copy of Mr. Keener's video taped deposition in which Mr. Keener states that he does not recall how he first heard about Defendant's Christian Little League, but goes on to say that, "[t]o the best of my knowledge, it was some time in early, I would say late, late January, early February of, uh, I guess it would have been, 2008."

3

League constitute "remaining questions" that are relevant to this case and can only be cleared up by deposing Mr. Lewin.

III.   **ANALYSIS**

The Federal Rules of Civil Procedure generally permit the discovery of relevant evidence, but a discovery request may be subject to limitation if "the discovery . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive;"if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or if "the burden or expense of the proposed discovery outweighs its likely benefit . . . ."  Fed. R. Civ. P. 26(b)(2).

In this Circuit, according to the apex doctrine, "when a high-ranking official of a corporation does not have any direct knowledge of the facts, it is inappropriate to compel his deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue."  *Stelor Prods., Inc. v. Google, Inc.*, No. 05-80387, 2008 WL 4218107, at *4 (S.D. Fla. Sept. 15, 2008) (citing *United States v. Baine*, 141 F.R.D. 332, 334 (M.D. Ala. 1991)).

Defendant has failed to satisfy his burden of showing that it is necessary to compel the deposition of LLBI's chairman, Mr. Lewin.

Defendant does not contend that Mr. Lewin has unique or special knowledge information concerning the annual reports that could not be gleaned from other, less burdensome means of discovery.  *See Salter v. Upjohn*, 593 F.2d at 651.  The fact that the discovery deadline has expired and trial is now imminent does not justify permitting a free-ranging deposition of LLBI's highest ranking executive regarding annual reports simply because those reports happened to be generated during his tenure and simply because he happens to live locally.

4

Nor has Defendant established that Mr. Lewin has any relevant information concerning the manner in which LLBI came to be aware of his Christian Little League. First, Defendant failed to explain how those circumstances pertain to any of the claims or defenses at issue in this infringement action, but to the extent that they are germane at all, they are covered in detail in LLBI's supplemental interrogatory response. Moreover, the fact that other executives, such as Mr. Wilson or Mr. Keener, may have discussed the Christian Little League with Mr. Lewin does not mean that he has any direct or personal knowledge of the underlying events.  In contrast to lower-ranking employees, such as LLBI's Senior Communications executive, Lance Van Auken, who first received the phone call from a league volunteer to report Defendant's alleged use of the Little League mark, the record indicates that Mr. Lewin has only a second-hand knowledge of these events based on his discussions with other LLBI employees and that at least some of those employees have already offered deposition testimony in this case.

The undersigned concludes that Defendant's final argument is likewise unpersuasive.  Defendant argues that LLBI's supplementary  interrogatory response conflicts with Mr. Keener's deposition testimony and that settling the inconsistency is necessary for impeachment purposes.  However, Defendant does not indicate how he intends to use any potential impeachment evidence at trial; and, more importantly, Mr. Keener's rough estimate in deposition that he first learned of the Christian Little League in late January or early February 2008 is not substantially inconsistent with the facts set forth in the interrogatory response that pinpoint the date that LLBI was notified as February 21, 2008.  It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Testimony (DE

# 69) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on February 20, 2009.

_Andrea M. Simonton_
_____
UNITED STATES MAGISTRATE JUDGE
ANDREA M. SIMONTON

Copies to:
The Honorable Ursula Ungaro,
        United States District Judge
All counsel of record

6